IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| RODNEY BETHANY | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 9:08cv104 |
| FRANK REESCANO, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Rodney Bethany, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in these proceedings pursuant to 28 U.S.C. 636(c). As Defendants, Bethany names Warden Frank Reescano, law librarian Gwendolyn Spurlock, Chaplain Vance Drum, and Officer Tangela Bolton.

An evidentiary hearing was conducted on October 23, 2008. At this hearing and in his complaint, Bethany says that he was assigned to law library sessions which met at 4 a.m. In September of 2007, he and other Muslim inmates celebrated the month of Ramadan, a Muslim holiday which includes fasting from sun-up to sun-down. Breakfast for Muslim inmates was scheduled at 4:30 a.m., and so Bethany states that he had to choose between going to breakfast or going to the law library. He had legal cases which had filed or was preparing to file, including a challenge to his holding conviction, a challenge to a conviction being used for enhancement, and a challenge to a prison disciplinary case, and so he chose the law library, with the result that he was not able to eat until 7:30 p.m.

Bethany stated that he tried to have his law library changed, but was refused. He filed grievances, but was told that the law library times were not changed for religious reasons. Bethany said that the chaplain would not assist him and the warden denied his grievances; he also complained

1

that Officer Bolton had ordered him out of the law library on one occasion, and that Spurlock, the law librarian, was the person who was responsible for the law library schedule and refused to reschedule him.

In Salahuddin v. Goord, 467 F.3d 263 (2nd Cir. 2006), the plaintiff Abdullah Salahuddin complained, *inter alia*, that he was forced to choose between attending the law library or going to Ramadan services, and that he was denied Ramadan meals on days that he used the law library. The district court dismissed the claim, but the Second Circuit reversed, explaining as follows:

> The defendants do not contest that defendant Stanton denied Salahuddin attendance at Ramadan meals and services on days that Salahuddin chose to use the law library. And they do not dispute that the denial substantially burdened Salahuddin's religious exercise. Indeed, the defendants do not even argue that they are entitled to judgment as a matter of law because they have a legitimate penological reason for this denial. Thus, we easily hold that because the defendants do not point to any record evidence establishing a reason for the burden, they are not entitled to summary judgment on Salahuddin's law-library claim.
>
> The two arguments raised by the defendants are meritless and warrant only brief treatment. First, the defendants argue that "[t]he denial of attendance at religious services was the product of Salahuddin's own decision that going to the law library each day was more important to him than attending the religious services." This is true, but beside the point. The pertinent question is why Salahuddin was put to this choice. One can imagine that a prison official could supply an answer to this question (time constraints, the cost of personnel, etc.), but we are provided with none.
>
> Second, the defendants argue that summary judgment should be affirmed because Salahuddin does not present evidence that his law-library attendance was necessary to avoid prejudicing a particular legal claim. Again, this misses the point. Even if the activity triggering the denial of Salahuddin's ability to attend religious services was plainly irrelevant to his constitutional rights-such as having a second helping of dessert-our analysis would remain the same because the pertinent question remains unanswered: what penological interest lay behind the policy that excluded this inmate from religious services?
>
> We hold that the facts, viewed in the light most favorable to Salahuddin, show a violation of his free-exercise rights: he was excluded from religious services without reason when he used the law library. Summary judgment on the basis of qualified immunity is not appropriate because it was clearly established law at the time of the alleged violations that religious exercise may not be denied without any reason.

Salahuddin, 463 F.3d at 278.

Like Salahuddin, Bethany claims that he was forced to choose between attending the morning Ramadan service, including the meal, and going to the law library. He identifies law librarian

Gwendolyn Spurlock as the individual responsible for this decision, and so his claim against Spurlock should be allowed to proceed.

Bethany also complains that Warden Reescano denied his grievance when he sought to remedy the situation. The Fifth Circuit has held that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction, and so there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also* Edmond v. Martin, et al., slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue) Thomas v. Lensing, et al., slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). Bethany's claim against Warden Reescano is without merit.

Bethany also complains that Chaplain Drum failed to take any steps to remedy the situation. He conceded that the chaplain lacked authority to tell the law library personnel to reschedule him, but suggested that the chaplain could have brought him a sack meal in the mornings when he could not attend the morning Ramadan celebration.

The Fifth Circuit has stated that in order to maintain a claim under Section 1983, a plaintiff must show that he has been deprived of a right secured by the Constitution, laws, or treaties of the United States by a person acting under color of state law. Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). Bethany has failed to identify any such right violated by Chaplain Drum; the chaplain had no duty under the Constitution or laws of the United States to bring him a meal each morning during Ramadan. His claim against Chaplain Drum is without merit.

Finally, Bethany sues Officer Tangela Bolton, saying that she ordered him out of the law library on one occasion, after Spurlock told him that she would not reschedule him. The fact that Bolton ordered him to leave the law library on one occasion does not show a violation of the Constitution or laws of the United States. *See, e.g.*, Anderson v. Akinjide, — F.Supp.2d —, civil action no. G-07-0386 (S.D.Tex., July 30, 2008) (unpublished) (available on WESTLAW at 2008 WL 2964145 (denial of access to the law library on one occasion did not set out a constitutional claim);

3

Bruette v. Tidquist, — F.Supp.2d —, civil action no. 08-cv-489 (W.D.Wis., Sept. 30, 2008) (unpublished) (available on WESTLAW at 2008 WL 4460384) (denial of access to law library on one occasion, with no showing of harm, does not state a constitutional claim). Here, Bethany does not show any harm to his legal position which he incurred as a result of Bolton's ordering him out of the law library on this occasion. His claim against Bolton is without merit.

Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Fifth Circuit has held that Section 1915A applies to all lawsuits filed by persons in confinement, even those where, as here, the plaintiff is not proceeding *in forma pauperis*. Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998).

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Bethany's complaint lacks any arguable basis in law and fails to state a claim upon which relief may be granted against the Defendants Warden Reescano, Chaplain Drum, and Officer Bolton. It is accordingly

ORDERED that the Plaintiff's claims against the Defendants Warden Reescano, Chaplain Drum, and Officer Bolton are hereby DISMISSED with prejudice as frivolous. It is further

ORDERED that the Defendants Warden Reescano, Chaplain Drum, and Officer Bolton are hereby DISMISSED as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the Plaintiff's claims against the Defendant Gwendolyn Spurlock. Finally, it is

ORDERED that the dismissal of these claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g).

So **ORDERED** and **SIGNED** this **29** day of **December, 2008.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE